IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60561
Conference Calendar
_____

HOWARD HAMMOND,

Plaintiff-Appellant,

versus

ROBERT L. JOHNSON; MISSISSIPPI DEPARTMENT OF CORRECTIONS;
FRED CHILDS; CENTRAL MISSISSIPPI CORRECTION FACILITY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-445-WS
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Howard Hammond (#57034), a state prisoner, has appealed the district court's judgment dismissing his in forma pauperis ("IFP") civil rights complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Hammond concedes that he does not have a constitutional right to be housed at a particular institution, see Sandin v. Conner, 515 U.S. 472, 484 (1995), but argues that the defendants could not impinge upon his constitutional "right to marriage" by housing him and his wife in different institutions and by limiting contact visitation with

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his wife.  This argument is without merit.  "[F]or convicted prisoners visitation privileges are a matter subject to the discretion of prison officials."  Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (internal brackets and quotation marks omitted).  Hammond "has no constitutional right to visitation privileges."  Id.

Hammond contends for the first time on appeal that the defendants intended to make an example of him to discourage marriage between inmates.  Hammond argues that the defendants could not retaliate against him for exercising his constitutional right of marriage.  This court will not consider a new theory of relief raised for the first time on appeal.  Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 120 S. Ct. 982 (2000).

Because the appeal is frivolous, it is DISMISSED.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2.  The dismissal of the instant appeal and the dismissal for failure to state a claim by the district court each count as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We CAUTION Hammond that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.