IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40751
Conference Calendar

_____

DALE ALAN CURTIS,

                                            Plaintiff-Appellant,

versus

TIMOTHY WEST, Senior Warden, Mark Stiles Unit;
EDDIE WILLIAMS, Assistant Warden, Mark Stiles Unit;
TOMMY BROWN, Correctional Officer III, Mark Stiles
Unit; JIMMY BINGHAM, Correctional Officer III, Mark
Stiles Unit; DAVID BRUNET, Correctional Officer III,
Mark Stiles Unit; MATTHEW ELLIS, Correctional Officer
III, Mark Stiles Unit; CLINT GILBERT, Correctional
Officer III, Mark Stiles Unit; MARK HANLEY, Sergeant,
Mark Stiles Unit; STEPHANIE LEJUNE, Correctional
Officer III, Mark Stiles Unit; THOMAS MCKEE, Lieutenant,
Mark Stiles Unit; TOBY POWELL, Correctional Officer III,
Mark Stiles Unit; RICKEY TARVER, Correctional Officer III,
Mark Stiles Unit; ANNA TOMBLIN, Sergeant, Mark Stiles Unit;
TAURA WARE, Correctional Officer III, Mark Stiles Unit,

                                            Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CV-579
- - - - - - - - - - -
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

    Dale A. Curtis, Texas prisoner # 644162, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint for

failure to state a claim and as frivolous pursuant to 28 U.S.C.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1915. He argues that he was summarily disciplined by denying him a meal for failing to groom or to wear proper shoes in violation of the Due Process Clause and that the mental state of the district court judge was inadequate because he was suffering from cancer and died soon after issuing the instant judgment.

The district court shall dismiss a prisoner's in forma pauperis (IFP) civil rights complaint if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted. Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998); see U.S.C. § 1915(e)(2)(B)(i) & (ii), respectively. Curtis' allegations of missed meals and improper disciplinary action fail to rise to the level of an Eighth Amendment violation and do not implicate a liberty interest. Berry v. Brady, 192 F.3d 504, 507-08 (5th Cir. 1999). His appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal and the dismissal for failure to state a claim by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Curtis, therefore, has two "strikes" under 28 U.S.C. § 1915(g). We caution Curtis that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.