IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21069
Summary Calendar
_____

HENRY LEE CURTIS,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; WAYNE
SCOTT; UNIVERSITY OF TEXAS MEDICAL BRANCH HOSPITAL;
HARTMAN, DR.; COUGHIN, DR.; LALLATTRANS, DR.; DAVID
LE; JESSE FRANKLIN; ESTELLE UNIT; TEXAS COMMISSION
FOR THE BLIND,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-3629
- - - - - - - - - -
May 29, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Henry Lee Curtis, a Texas prisoner (# 555628), appeals the

district court's order dismissing his 42 U.S.C. § 1983 civil

rights action as frivolous and for failure to state a claim upon

which relief may be granted, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i) and (ii) and following a hearing pursuant to

Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Curtis has failed to challenge the magistrate judge's

conclusion that any claims concerning the period prior to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

September 30, 1997--two years before he submitted his complaint for mailing--were barred by the applicable two-year Texas statute of limitations for personal injury.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Owens v. Okure, 488 U.S. 235, 251 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 1999).

As for his claims concerning the period after September 30, 1997, Curtis has failed to show that the district court abused its discretion in concluding that those claims were frivolous. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).  Although Curtis has apparently become blind since entering the Texas prison system, he has failed to set forth allegations suggesting that any of the named defendants were deliberately indifferent to his serious medical needs during the relevant period.  See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).

The district court did not clearly abuse its discretion in failing to appoint Curtis an attorney.  See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

The district court's dismissal of Curtis' complaint counts as one strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  We caution Curtis that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED.