IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41434
Conference Calendar

_____

ESTEBAN RAMIREZ HERNANDEZ,

Plaintiff-Appellant,

versus

CAROL D. GUNTER, Patient Care Coordinator; DAVID
M. FONTER , Physician Assistant; K.C. LOVE, Doctor;
H. CLAYTON, Doctor; PAT CALCATE, Patient Liaison,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-310
--------------------
June 18, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Esteban Ramirez Hernandez (Ramirez), Texas inmate #763315,
appeals from the magistrate judge's dismissal as frivolous of his
civil rights complaint.  Ramirez proceeded to final judgment
before the magistrate judge.  See 28 U.S.C. § 636(c).  We review
for an abuse of discretion.  See Berry v. Brady, 192 F.3d 504,
507 (5th Cir. 1999).

For the first time on appeal, Ramirez argues that the
defendants were deliberately indifferent to his medical needs by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

leaving him at his assigned job in a metal fabrication environment. He asserts that the noise in the work environment was harmful to his ear condition and hindered any recovery. We do not consider this new issue raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Although Ramirez contends that the defendants were deliberately indifferent to his medical needs, he admits that he received medical treatment. As he asserted before the magistrate judge, Ramirez bases his contention of deliberate indifference on the lack of immediate medical care for his ear problem and on the lack of success by the doctors in treating his chronic ear condition. Ramirez's allegations neither rise to the level of constitutional tort nor constitute deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

The magistrate judge did not abuse his discretion in dismissing Ramirez's complaint as frivolous. See Berry, 192 F.3d at 507. This appeal is without arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2.

This court's dismissal counts as Ramirez's second strike pursuant to 28 U.S.C. § 1915(g); the first strike arising from the dismissal in the district court. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). If Ramirez accumulates three strikes, he may not proceed in forma pauperis in any civil action

or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Ramirez is cautioned to review any pending appeals to ensure that they do not raise frivolous issues.

APPEAL DISMISSED; SANCTION WARNING ISSUED.