IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 98-41179

WILLIE BERRY, JR.,

Plaintiff-Appellant,

versus

JOSEPH BRADY, Individually and in his
Official Capacity as a Correctional Officer,

Defendant-Appellee.

Appeal from the United States District Court for the
Eastern District of Texas

October 8, 1999

Before GARWOOD, SMITH and BENAVIDES, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Willie Berry, Jr. (Berry), a prisoner incarcerated at the Stiles Unit of the Texas Department of Criminal Justice, Institutional Division, filed this *pro se*, *in forma pauperis* (IFP) action under 42 U.S.C. § 1983 against defendant-appellee Joseph Brady (Brady), a correctional officer at the Stiles Unit. Berry alleged that Brady subjected him to cruel and unusual punishment in violation of the Eighth Amendment by denying him eight meals over a seven-month period and denying him visitation privileges with his mother on one occasion, violated his Fourteenth

Amendment due process rights by improperly punishing him for refusing to shave, and subjected him to unconstitutional retaliation for exercising his First Amendment rights by writing letters to an assistant warden and a judge about his punishment. The magistrate judge dismissed Berry's section 1983 claims as frivolous and for failing to state a claim upon which relief may be granted. Berry now appeals. We affirm.

## Factual and Procedural History

Pursuant to 28 U.S.C. § 636(c), Berry consented to have his case proceed before a magistrate judge who conducted a *Spears* inquiry into the facts underlying Berry's complaint. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The magistrate judge interviewed Berry to clarify the bases of his claims. In the *Spears* interview, Berry stated Brady denied Berry entry into the dining hall on eight occasions[1] for refusing to shave and, then, denied him a substitute sack meal. Berry's *Spears* hearing testimony reflects that he did not suffer weight loss or any other physical harm or adverse health effects from missing the meals, although he did assert having had "hunger spells" until breakfast the next morning. Berry further contends that he was denied visitation privileges with his mother on October 13, 1996, again, for not being clean-shaven.

Berry argues that Brady subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights by refusing

---

[1] Berry claimed that these incidents occurred on June 1, 1996, August 20-25, 1996, and December 27, 1996.

2

to permit him admittance to the dining hall for the evening meal on eight occasions over a seven-month span. Brady would not permit Berry to attend these meals because on each occasion Berry had refused to shave—a requirement of all inmates at the Stiles Unit. Berry also alleges that Brady violated Berry's Fourteenth Amendment due process rights by punishing him when he was in fact exempted from the clean-shaven requirement for medical reasons. Berry stated that the true reason for Brady's not permitting him to attend the evening meals and to visit his mother was retaliation for Berry's having—some time after October 6, 1996—written letters to Assistant Warden Williams and Judge Don Floyd, complaining of Brady's treatment.[2]

Following the *Spears* hearing, the magistrate judge dismissed Berry's complaint as frivolous and for failing to state a claim. In the alternative, the magistrate judge ruled that even if Berry had presented cognizable constitutional claims, he was barred from recovery under 42 U.S.C. § 1997e(e), which requires proof of a physical injury for the recovery of emotional or mental damages. In response, Berry filed a combined "objection to the memorandum opinion and a request for reconsideration." The magistrate judge treated Berry's objection as a Rule 59(e) motion to alter or amend judgment. *See* Fed R. Civ. P. 59(e). The magistrate judge denied

---

[2] Although it is, at best, highly doubtful that Berry raised an arguable, non-frivolous retaliation claim, that claim has not been briefed on appeal and, therefore, has been abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Therefore, we need not examine whether the magistrate judge properly dismissed Berry's retaliation claim.

the motion, because it failed to allege any new facts or assert any different legal argument.

## Discussion

A prisoner's complaint against a governmental entity or an officer or employee of a governmental entity may be dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). Dismissal of an IFP complaint on similar grounds is likewise authorized by 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harpers v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib*, 138 F.3d at 213. This Court reviews dismissals as frivolous for an abuse of discretion. *See id.* However, a dismissal for failure to state a claim upon which relief may be granted is reviewed *de novo*. *See Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). This Court may affirm on any basis supported by the record. *See Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

To aid in the determination of whether an IFP complaint is frivolous or fails to state a claim, this Court has approved the use of an evidentiary hearing or questionnaires. *See Spears*, 766

4

F.2d at 181-82.  Responses to such an inquiry become part of the plaintiff's pleadings.  *See Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).  We must consider Berry's response to the *Spears* inquiry in evaluating his claims under section 1915.

I.  Eighth Amendment Claims

We begin by recognizing that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987).  "These protections specifically include the Eighth Amendment's prohibition against cruel and unusual punishment."  *Talib*, 138 F.3d at 213.  "Punishment rises to the level of cruel and unusual only if it involves an 'unnecessary and wanton infliction of pain.'"  *Id*. at 214 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291 50 L.Ed.2d 251 (1976) (internal quotations omitted)).  To establish an Eighth Amendment claim, the prisoner must demonstrate, *inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need.  *Harper*, 174 F.3d at 720.  Berry's Eighth Amendment claims fail to meet this requirement.

A.  The Eighth Amendment requires that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)) (footnote omitted)*; see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) (*per curiam*) ("To comply with the

5

Constitution, inmates must receive 'reasonably adequate' food."). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Talib*, 138 F.3d at 214 n.3 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)) (internal quotations omitted). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Id.* Even on a regular, permanent basis, two meals a day may be adequate. *Green*, 801 F.2d at 770-71.

In *Talib*, we held doubts that Talib, who "missed about fifty meals in five months and lost about fifteen pounds," met this threshold. *Talib*, 138 F.3d at 214 n.3. We do not hesitate in concluding that Berry was not denied anything close to a "minimal measure of life's necessities." *Id.* Berry has not alleged any specific physical harm, other than hunger pains. Neither has Berry claimed that he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet, nor has he alleged having his health put at risk. Therefore, his allegations do not rise to the level of an Eighth Amendment violation. The magistrate judge properly dismissed Berry's section 1983 claim for missing eight meals as frivolous and for failure to state a claim upon which relief may be granted.

B. Berry also alleged that prohibiting him from visiting with his mother on one occasion amounts to cruel and unusual punishment in violation of the Eighth Amendment. We conclude that Berry has failed to present a cognizable claim on the denial of a visitation

6

session.  This Court has repeatedly held that for convicted prisoners "[v]isitation privileges are a matter subject to the discretion of prison officials."  *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975); *see also Thorne v. James*, 765 F.2d 1270, 1273 (5th Cir. 1985).  Berry has no constitutional right to visitation privileges.  *See McCray*, 509 F.2d at 1334.  Accordingly, the magistrate judge properly dismissed Berry's section 1983 claim based on the denial of a visit with his mother as both frivolous and for failure to state a claim upon which relief may be granted.

III.  Due Process Claim

Berry alleged that Brady violated his rights to due process under the Fourteenth Amendment by punishing him without adhering to relevant prison policies and procedures.  The magistrate judge properly dismissed Berry's due process claim.

The application of the Fourteenth Amendment's due process clause has been narrowed considerably in the prison context.  As this Court has noted, "[a]fter *Sandin v. Connner*, [515] U.S. [472], 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), prisoners may no longer peruse state statutes and prison regulations searching for the grail of limited discretion."  *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (*per curiam*).  In *Sandin*, the Court noted:

> "that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 483-84, 115 S.Ct. at 2300 (internal citations omitted).

7

*Sandin* itself involved a thirty-day period of disciplinary segregation, "a severe form of prison discipline," yet ruled that such discipline did not rise to the level required to support a due process claim. *Orellana*, 65 F.3d at 31. "Few other incident of prison life involve such a level of deprivation as disciplinary segregation." *Id*. The asserted "punishments" endured by Berry do not rise to the level of "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S.Ct. at 2300. The denial of one visitation session and eight meals over a seven-month period without an allegation that he did not receive a minimally nutritionally adequate diet are insufficient to implicate a liberty interest. The magistrate judge properly dismissed Berry's due process claims as frivolous and for failing to state a claim upon which relief may be granted.

## Conclusion

As Berry's allegations were frivolous and failed to state a claim upon which relief may be granted, we need not address whether 42 U.S.C. § 1997e(e) barred his claims. For the reasons stated, the judgment below is

AFFIRMED.

8