# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4124

_____

| | | |
|---|---|---|
| Troy Roddy, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Corbitt Nesbitt, CO-II, Maximum | * | |
| Security Unit, Arkansas Department of | * | |
| Correction, originally sued as J. | * | |
| Nesbitt; Tonya Forrest, CO-I, | * | |
| Maximum Security Unit, Arkansas | * | |
| Department of Correction, originally | * | |
| sued as T. Forest; Nicholas Green, | * | |
| CO-I, Maximum Security Unit, | * | |
| Arkansas Department of Correction, | * | Appeal from the United States |
| originally sued as N. Green; Greg | * | District Court for the |
| Harmon, Warden, Maximum Security | * | Eastern District of Arkansas. |
| Unit, Arkansas Department of | * | |
| Correction, originally sued as G. | * | [UNPUBLISHED] |
| Hermin; Kenneth Frazier, Sgt. | * | |
| Maximum Security Unit, Arkansas | * | |
| Department of Correction, originally | * | |
| sued as Sgt. Frazier; Steve Outlaw, | * | |
| Assistant Warden, Maximum Security | * | |
| Unit, Arkansas Department of | * | |
| Correction, originally sued as S | * | |
| Outlaw; Richard Wimberly, Major, | * | |
| Chief of Security, Maximum Security | * | |
| Unit, Arkansas Department of | * | |
| Correction, originally sued as R | * | |
| Wimberly, | * | |

                                                *
             Appellees.                         *
                                    _____

                           Submitted:  November 2, 2000
                              Filed:   November 14, 2000
                                    _____

Before BEAM, FAGG, and LOKEN, Circuit Judges.
                                    _____

PER CURIAM.

        Troy Roddy, an Arkansas inmate, appeals the district court's[1] dismissal of his 42 U.S.C. §1983 action following an evidentiary hearing.  After a careful review of the record, and viewing all facts in the light most favorable to the plaintiff, we conclude Roddy's allegations--that defendant prison officials denied him meals on three occasions over the course of a year--do not rise to the level of an Eighth Amendment violation.  See Williams v. Harness, No. 99-1326, 2000 WL 573448, at *1 (8th Cir. May 10, 2000) (unpublished per curiam) (denial of one meal does not give rise to constitutional violation); Berry v. Brady, 192 F.3d 504, 506-08 (5th Cir. 1999) (deprivation of food constitutes cruel and unusual punishment only if it denies prisoner minimal civilized measure of life's necessities, and whether deprivation falls below this threshold depends on amount and duration of deprivation; denying inmate eight meals over seven months because of inmate's failure to shave did not deny inmate "anything close to a minimal measure of life's necessities" (internal quotations and citation omitted)).

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, adopting the findings and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.