IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40258
Summary Calendar
_____

WILLIAM B. BARREE,

                                        Plaintiff-Appellant,

versus

THOMAS PRASIFKA, Warden; WILLIAM NEWSOME;
BOBBY DEL BOSQUE; DOUGLAS DRETKE, Regional
Director; ALLAN POLUNSKY; RANDOLPH T. MCVEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-500
--------------------
December 21, 2000
Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    William B. Barree, Texas state prisoner # 727996, appeals

from the dismissal of his civil rights claims as frivolous and

for failure to state a claim under 28 U.S.C. § 1915A(b)(1).  He

argues that 1) he was denied due process because he was deprived

of access to funds in his inmate trust-fund account; 2) the

district court abused its discretion in denying his Fed. R. Civ.

P. 60(b) motion without providing written reasons for the denial;

and 3) the district court abused its discretion in denying him

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

leave to amend his complaint. Barree also requests a temporary restraining order (TRO) from this court.

The district court did not err in dismissing Barree's complaint as frivolous and for failure to state a claim. See § 1915A(b)(1); see Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). The alleged violation of prison policies does not, by itself, give rise to a constitutional violation. Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986); Jackson v. Cain, 864 F.2d 1235, 1251 (5th Cir. 1989). Nor does the denial of prison grievances raise a constitutional issue. See Hernandez, 788 F.2d at 1158.

Barree states that he is not challenging the court's denial of "specific portions" of his Rule 60(b) motion, but, rather, is challenging "the denial as a whole." Arguments must be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Claims not adequately argued in the body of the brief are deemed abandoned on appeal. Id. at 224-25. By failing to raise any specific arguments as to the denial of his Rule 60(b) motion, Barree largely has abandoned the issue for purposes of appeal. See id. The district court did not abuse its discretion in declining to enter written reasons in denying Barree's final Rule 60(b) motion. See Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994).

Because as amended Barree's complaint was subject to dismissal, the district court did not abuse its discretion in denying Barree leave to amend his complaint. See Avatar

<u>Exploration, Inc. v. Chevron, U.S.A., Inc.</u>, 933 F.2d 314, 321 (5th Cir. 1991).

Barree's motion for a TRO is DENIED.

AFFIRMED.