IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11163
Conference Calendar
_____


RICARDO FRANCO, also known as
Ricardo Franco-Morales,

Plaintiff-Appellant,

versus

EDWIN V. KING, Honorable, Former Attorney,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-1760-R
- - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ricardo Franco, a Texas prisoner (# 850944), appeals from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). Franco asserted that, after he was convicted of a criminal offense in Texas state court, he hired as his appellate attorney Edwin King, who has since been appointed as a state judge. Franco stated that King failed to file an appellate brief on his behalf and failed to refund the $5000 fee

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he had paid the attorney.  The district court did not abuse its discretion in concluding that Franco had failed to state a cognizable constitutional claim, because a defense attorney does not act "under color of state  law" for § 1983 purposes when he performs a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  Polk County v. Dodson, 454 U.S. 312, 325 (1981); Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

Because the appeal is frivolous, it is DISMISSED.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal and the dismissal as frivolous by the district court each count as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Franco that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 28 U.S.C. 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.