IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50095
Conference Calendar
_____

ROBERT N. HOLLOWAY,

Plaintiff-Appellant,

versus

AUDREY L. SMITH; STEVE HUDNALL; PAUL WEATHERBY; TOMMY PIERCE;
ISRAEL ALVAREZ; BECKY BARKLEY; WAYNE SCOTT; GARY JOHNSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-98-CV-48
--------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Robert Holloway, Texas prisoner # 503781, appeals the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous.  He
argues that he was deprived of a due process right when his Craft
Shop privileges were suspended for a period of time before the
adjudication of guilt in a disciplinary proceeding and that, when
he returned to the Craft Shop, he discovered that some of his
property was either lost or damaged.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although the district court dismissed Holloway's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), we note that Holloway was not proceeding in forma pauperis in the district court. We construe the dismissal of his claims as frivolous under 28 U.S.C. § 1915A(b)(1), and we review the dismissal, as we would under § 1915(e)(2)(B)(i), for abuse of discretion. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

The suspension of Craft Shop privileges did not imposes atypical and significant hardship on Holloway such that he had a due process right to the procedural safeguards discussed in Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). See Sandin v. Conner, 515 U.S. 472, 484, 487 (1995). With respect to his loss-of-property claim, he did not indicate that the loss was intentional or that state postdeprivation remedies were inadequate to afford relief for the loss. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995); Hudson v. Palmer, 468 U.S. 517, 533 (1994). The district court did not abuse its discretion by dismissing Holloway's claims as frivolous.

AFFIRMED.