IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60746
Summary Calendar
_____

JOE WHITE,

Plaintiff-Appellant,

versus

VAN VANDIVER; KHURSHID YUSUFF;
KAY LOOSIER; S. ROBERTSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:99-cv-150-BrS
--------------------
May 23, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Joe White, federal prisoner # 05405-067, appeals the district court's judgment, granting summary judgment in favor of the defendants and dismissing his Bivens[**] complaint as frivolous. White's motion to strike the appellees' brief as untimely is DENIED.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

A district court may dismiss a prisoner's suit if it determines that it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b)(1); Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). A dismissal of a claim as frivolous under 28 U.S.C. § 1915A(b)(1), like a dismissal under 28 U.S.C. § 1915(e)(2)(B), is reviewed for abuse of discretion. Berry, 192 F.3d at 507.

White argues that the defendants conspired to transfer him to another prison unit in retaliation for his exercise of his right of access to the courts. White did not allege direct evidence of a retaliatory motive or "allege a chronology of events from which retaliation may plausibly be inferred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotations and citation omitted).

White argues that the transfer violated his due process rights because the mandatory language of the Bureau of Prisons Program Statement 5100.06 created a liberty interest. White's transfer did not impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

White argues that the defendants violated his constitutional right of access to the courts. White has not demonstrated an actual injury or that he was prevented from filing a necessary legal document with a court. See Lewis v. Casey, 518 U.S. 343, 349-51 (1996). The district court did not abuse its discretion in dismissing White's complaint as frivolous.

AFFIRMED.