IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20861
Conference Calendar
_____

EUGENE EARL JORDAN,

Plaintiff-Appellant,

versus

JANET MALONE SANDERS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-1470
--------------------
August 21, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Eugene Earl Jordan, Texas prisoner # 693703, proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. Jordan contends that the court reporter omitted the presentence investigation report from the state appellate record and deprived him of the opportunity to present the reversible errors attendant to his conviction to the state court on appeal.

We review the dismissal of a prisoner's civil rights complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *See Berry v. Brady*, 192 F.3d 504, 507 (5th

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1999). We review *de novo* a 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal for failure to state a claim upon which relief can be granted. *See Berry*, 192 F.3d at 507.

A prisoner may not recover damages for 42 U.S.C. § 1983 claims that question the validity of a conviction because such claims are not cognizable until the prisoner has demonstrated that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Jordan's 42 U.S.C. § 1983 allegations question the validity of his conviction; thus, his 42 U.S.C. § 1983 claim is not cognizable. *See Heck*, 512 U.S. at 486-87.

Jordan's appeal is without arguable merit, is frivolous, and is DISMISSED. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of Jordan's appeal and the district court's dismissal count as two "strikes" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Jordan that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.