IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60792
Conference Calendar

_____

HARRY VINSON; PATTY YOUNG,

Plaintiffs-Appellants,

versus

RITA KAREN VINSON; SCOTTY J. REEDY, individually;
WESTERN SURETY COMPANY, Bond Number 22146479;
COREGIS INSURANCE ORGANIZATIONS, Policy Number 651-006325,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:99-CV-144
--------------------
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM: [*]

Appellants Harry Vinson and Patty Young challenge the
district court's dismissal of their 42 U.S.C. § 1983 complaint
for failure to state a claim, and granting summary judgment in
favor of defendant, Scotty Reedy ("Reedy"). The appellants also
argue that the court erred when it refused to join Sheriff Harold
Ray Presley ("Presley") as a necessary party to this suit. The
appellants contend that the district court erred because their

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

complaint did state a claim for which relief could be granted, and that Reedy is not entitled to quasi-judicial immunity.

With respect to the individual defendant, Reedy, the facts support that he was entitled to quasi-judicial immunity. See Mays v. Sudderth, 97 F.3d 107, 110-14 (5th Cir. 1996). Summary judgment in his favor was proper.

In their complaint, the appellants sued the remaining defendants claiming that their constitutional rights were violated. The claim against Defendant, Rita Vinson, was not cognizable under 42 U.S.C. § 1983. See Leffall v. Dallas Independent Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994). The Appellants do not have a claim against Western Surety Insurance Company and Coregis Insurance because they failed to establish a cause of action against Reedy.

The district court committed harmless error when it refused to join Presley as a party on the basis that he had not been served with a summons because the Appellants failed to provide any facts which would support a § 1983 claim against Presley. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (appeals court may affirm dismissal for failure to state claim on any basis supported by record).

Appellant Vinson was warned in two previous cases that if he continued to file appeals which lacked merit, this court would issue sanctions. See Vinson v. Colom, No. 99-60826 (5th Cir. July 27, 2000)(unpublished); Vinson v. Benson, No. 00-60263 (5th Cir. Oct. 18, 2000)(unpublished). Because this court has warned of sanctions in two previous cases and this appeal lacks merit,

we find that sanctions are warranted.  <u>See</u> <u>Coghlan v. Starkey</u>, 852 F.2d 806, 808 (5th Cir. 1988)(courts of appeals have the ability to impose sanctions sua sponte).

This appeal is without arguable merit and is DISMISSED as frivolous.  The appellants are hereby ORDERED to pay $500.00 to the clerk of this court.  Until the sanction is paid, the appellants are barred from filing any <u>pro</u> <u>se</u> civil appeal in this court, or any initial civil pleading in any court which is subject to this court's jurisdiction, without the advanced written permission of a judge of the forum court.

APPEAL DISMISSED; SANCTIONS IMPOSED.