**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 99-41115
Summary Calendar

---

TOMMY EARL BOONE, JR.,

                                                        Plaintiff-Appellant,

versus

ANDERSON COUNTY, TEXAS,

                                                        Defendant-Appellee.

```
-----------------------------------------------------------
           Appeal from the United States District Court
                 for the Eastern District of Texas
                      USDC No. 6:99-CV-372
-----------------------------------------------------------
```
September 20, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Tommy Earl Boone, Jr., Texas prisoner # 283484, appeals from the dismissal of his 42 U.S.C.
§ 1983 complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b). Boone's
motion for appointment of counsel is DENIED.

We review de novo the district court's dismissal under 28 U.S.C. § 1915A(b) for failure to
state a claim. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

Boone argues that Anderson County has a custom of abuse of process and malicious
prosecutions geared toward coercing guilty pleas. In support of his claim, Boone has offered no facts
relating to any other inmates, but instead relies upon his own experience, that he is innocent of the
charge brought against him in Anderson County and his belief that the county is attempting to coerce

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his guilty plea because it will not drop the charge.  The district court did not err in dismissing the complaint for failure to state a claim as the state charge was still pending against him.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Boone's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

We caution Boone that the dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint as frivolous and for failure to state a claim.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  He, therefore, has two "strikes" under 28 U.S.C. § 1915(g).  If he accumulates three "strikes", he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.