IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10018
Conference Calendar
_____

KEITH L. SOMERVILLE,

                                        Plaintiff-Appellant,

versus

ELTON BOMER, Secretary of State;
EARL BULLOCK, County Clerk; JIM HAMLIN,
District Clerk; DAVID CHILDS, Assessor/collector;
JIM BOWLES, Sheriff; DIRECTOR OF PUBLIC SAFETY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-1455-X
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Keith L. Somerville (Texas prisoner #529020) appeals the district court's dismissal of his civil rights complaint as frivolous under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i). His complaint alleged that the jury-panel-selection process in Dallas County, Texas, systematically excluded African Americans and Hispanics from participation and sought the following relief:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1) damages in the amount of $18,000,000, (2) a declaration that the jury-panel-selection process in Dallas County is unconstitutional, (3) new trials for all litigants who have lost civil damages cases in Dallas County, (4) an overhaul of the present jury-panel-selection process by allowing more African Americans and Hispanics to participate, (5) the invalidation of his Texas conviction for burglary of a habitation, and (6) new trials for others who have been convicted in Dallas County. Somerville argues that the district court abused its discretion in dismissing his complaint as frivolous. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

Somerville does not challenge the district court's conclusion that he lacked standing to seek monetary and declaratory relief for claims unrelated to his current Texas burglary conviction. He has waived any challenge to that conclusion by failing to brief it. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). With regard to his claims and requested relief stemming from his current burglary conviction, which his complaint sought to have "thrown out," Somerville has not shown that the conviction has been overturned or invalidated or that his requests for relief are not so intertwined that a favorable ruling on one of them would necessarily imply the invalidity of his conviction. See Clarke v. Stalder, 154 F.3d 186, 189-90 (5th Cir. 1998)(en banc). Accordingly, he has not shown that the district court erred in determining that the

claims were premature under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), or that the court abused its discretion in dismissing his complaint as frivolous.  <u>See</u> <u>Berry</u>, 192 F.3d at 507; <u>Clarke</u>, 154 F.3d at 189-91.

Somerville's appeal is frivolous and is therefore DISMISSED. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  The district court's dismissal of his complaint as frivolous and the dismissal of this appeal as frivolous each count as a strike for the purposes of 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996).  We caution Somerville that, by accumulating three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) WARNING ISSUED.