IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40971
Summary Calendar
_____

CHARLES LEE COOPER,

Plaintiff-Appellant,

versus

NOWARD BELL, JR.; SAMMY BROWN, Sergeant; RANDAL E. SMIDT;
JOSEPH RANDOL; MEDICAL STAFF AT STEVENSON UNIT; CRYSTAL IRVIN;
SUSAN SCHUMACHER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-01-CV-108
--------------------
November 1, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

        Charles Lee Cooper, Texas prisoner # 1005157, has filed
an application for leave to proceed in forma pauperis (IFP) on
appeal, following the district court's dismissal as frivolous of
his civil rights complaint.  By moving for IFP, Cooper is
challenging the district court's certification that IFP status

_____

        *Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should not be granted on appeal because his appeal is not taken in good faith. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Cooper's claim is that his injury due to an unsafe work assignment and the related medical care constituted cruel and unusual punishment prohibited by the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 847 (1994). As Cooper's claims are based on negligence, they cannot support a § 1983 action and the district court did not err in dismissing it as frivolous. Daniels v. Williams, 474 U.S. 327, 332-36 (1986); Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

Cooper's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Cooper IFP status on appeal, we deny the motion for leave to proceed IFP, and we DISMISS Cooper's appeal as frivolous. Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Cooper's action and our dismissal of his appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). Cooper is warned that should he accumulate three strikes, for purposes of 28 U.S.C. § 1915(g), he will be unable to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury.

**IFP DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.**