United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41654
Summary Calendar

CLARENCE EUGENE JONES,

Plaintiff-Appellant,

versus

TRAVIS E. PRIMROSE,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:04-CV-123
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Clarence Eugene Jones, Texas prisoner # 675128, appeals the 28 U.S.C. § 1915A(b)(1) dismissal of his pro se 42 U.S.C. § 1983 civil rights action for failure to state a claim and as frivolous. Jones filed the civil rights complaint against Sgt. Travis E. Primrose, a correctional officer at the Stiles Unit, alleging that Sgt. Primrose used unnecessary and excessive force

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against Jones by grabbing him by the throat, twisting his arm behind his back, and causing Jones to stretch upward, which caused severe pain, internal injuries, and the breaking of stitches.

We have reviewed de novo the dismissal for failure to state a claim. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). To state an Eighth Amendment excessive force claim, a plaintiff must allege that the force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and that he suffered an injury. See Hudson v. McMillian, 503 U.S. 1, 7 (1992). Jones made such allegations.

In determining that Jones did not suffer any injury, it does not appear that the magistrate judge accepted as true Jones's allegations that one of his stitches broke, he was bleeding, and he suffered severe pain and internal damage. See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Williams v. Luna, 909 F.2d 121 (5th Cir. 1990). Whether prison personnel determined that Jones did not require medical care or surgery for his injury is not relevant to whether Jones alleged an injury, which he did. Whether that allegation of injury is constitutionally cognizable requires consideration of the Hudson factors. See Baldwin v. Stalder, 137 F.3d 836, 838-39 (5th Cir. 1998) (citing Hudson, 503 U.S. at 7). Although the magistrate judge noted the Hudson

factors, there is no analysis of these factors as applied to Jones's allegations.

From the record before us, we are unable to conclude that Jones can prove no set of facts in support of his claim which would entitle him to relief. Dismissal of the complaint, therefore, was premature. Accordingly, the judgment appealed is VACATED and the matter is REMANDED for further proceedings consistent herewith. ALL OUTSTANDING MOTIONS ARE DENIED.