IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-40157
Conference Calendar

DESHAWN HALL

Plaintiff-Appellant

v.

ATTORNEY GENERAL OF TEXAS; MITCH WOOD, Chief of Police; THOMAS
DAVIS, in His Official Capacity as Director of Texas Department of Public
Safety

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-750

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

DeShawn Hall, Texas prisoner # 144452, filed a pro se and in forma
pauperis (IFP) civil rights complaint against several Texas state officials
wherein he argued that the requirement that he register as a sex offender
violated his right to due process, his Eighth Amendment rights, and the Ex Post
Facto and Double Jeopardy Clauses of the Constitution. Hall appeals the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal of the complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

This court reviews dismissals as frivolous for an abuse of discretion. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). However, a dismissal for failure to state a claim upon which relief may be granted is reviewed de novo. Id.

Retroactive application of laws requiring sex-offender registration and notification do not violate the Ex Post Facto Clause. Smith v. Doe, 538 U.S. 84, 103-04 (2003). The district court properly dismissed Hall's ex post facto challenge as both frivolous and for failure to state a claim upon which relief may be granted. See Berry, 192 F.3d at 507. Further, because he is currently incarcerated for failure to register, Hall's constitutional challenge to the registration requirement also is an indirect challenge to his incarceration. Hall's claims are thus not cognizable under 42 U.S.C. § 1983 until he proves that the incarceration has been reversed or declared invalid. See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

AFFIRMED.