**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 12, 2009

Charles R. Fulbruge III
Clerk

No. 09-30189
Summary Calendar

TROY JENNINGS,

Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS; UNITED STATES PROBATION DEPARTMENT, Brooklyn; UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES ATTORNEY'S OFFICE; CLERK, US DISTRICT COURT, Brooklyn; JOSEPH SMITH, Warden, USP-Lewisburg; M NICHOLAS, Case Manager, USP-Lewisburg; JOHN ADAMI, Unit Manager, USP-Lewisburg; COUNSELOR MISS I, USP-Lewisburg; OUTLAW, Warden, USP-Beaumont; FOX, Warden, USP-Beaumont; MCGEE, Unit Manager, USP-Beaumont; CRUZ, Counselor, USP-Beaumont; SACHER, Unit Manager, USP-Beaumont; J HANKS, Manager, USP-Beaumont; FREDRICK MENIFEE, Warden, USP-Pollock; JOE KEFFER, Warden, USP-Pollock; K ENDENFIELD, Associate Warden, USP-Pollock; CRYSTAL ZERR, C-3 Case Manager, USP-Pollock; A-4 CASE MANAGER RAY, USP-Pollock; KENDALL FRANCOIS, Counselor, USP-Pollock; A-4 COUNSELOR LAIR, USP-Pollock; C-3 UNIT MANAGER MONTGOMERY, USP-Pollock; A-4 UNIT MANAGER TOWNSEND, USP-Pollock,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-1190

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Troy Jennings, federal prisoner # 67949-053, appeals the dismissal of his *in forma pauperis* (IFP) complaint, filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing federal officials to be sued for claimed violations of constitutional rights). The district court dismissed the claims for lack of proper venue and for failure to state a claim upon which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B) (governing proceedings *in forma pauperis*).

Jennings contends the Bureau of Prisons based his custodial classification at the United States Penitentiary in Pollock, Louisiana, on impermissible factors, including erroneous determinations of Jennings' history of violence and his lack of a GED. Jennings alleges he was found not guilty of the state assault charge upon which the court based its determination of his history of violence.

The dismissal, under § 1915(e)(2)(B), of a prisoner's complaint for failure to state a claim upon which relief can be granted is reviewed *de novo*. *E.g., Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Because there is no liberty interest in a prisoner's custodial classification, *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992), Jennings' complaint fails to state a claim for relief. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Jennings also filed *Bivens* claims against defendants in New York, Pennsylvania, and Texas; the district court dismissed these claims for lack of proper venue. Jennings does not challenge the district court's reasons for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissing these claims. Accordingly, Jennings has abandoned any such challenge. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court's dismissal of Jennings' complaint for failure to state a claim upon which relief can be granted counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Jennings: once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical injury". 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.