# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 29, 2012

Lyle W. Cayce
Clerk

No. 11-40272
Summary Calendar

ROBERT TROY MCCLURE,

> Plaintiff–Appellant,

v.

SERGEANT KENNETH FOSTER, Texas Department of Criminal Justice; NURSE TONYA TRAYLOR, University of Texas Medical Branch Care; OFFICER DARRYL FIELDS, Texas Department of Criminal Justice Corrections Department; OFFICER RICHARD DANCER, Texas Department of Criminal Justice Corrections Department,

> Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:10-CV-78

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert Troy McClure, Texas prisoner # 1420457, appeals the district court's grant of the defendants' motion for summary judgment on his claims of deprivation of two breakfasts, false disciplinary charges, deliberate indifference to medical needs, and filthy conditions of confinement. The district court found

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that McClure failed to show any constitutional violations by the defendants or that the defendants' actions were clearly unreasonable in light of clearly established law and, thus, the defendants were entitled to qualified immunity.

The burden was on McClure to rebut the defendants' qualified-immunity defense "by establishing a genuine fact issue as to whether the [defendants'] allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2932 (2011). A prison official violates the Eighth Amendment only when (1) the deprivation alleged is "objectively, sufficiently serious," that is, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities," and (2) the prison official's "state of mind is one of deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

McClure's claim that defendants Fields and Dancer did not feed him breakfast on two dates does not amount to a violation of constitutional rights. *See Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999). To the extent he challenges the disciplinary case resulting from his behavior on that occasion, McClure makes no argument challenging the district court's determination that review of that disciplinary case is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). Accordingly, he has abandoned that claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Even if McClure could show that the defendants were deliberately indifferent to McClure's need for medical care for his cut wrist, he did not meet

his burden of establishing by summary judgment evidence that the need was serious or that the denial or delay of care posed an excessive risk to his heath. *See Farmer*, 511 U.S. at 837.

McClure points to no summary judgment evidence to support his assertion that he complained to Nurse Traylor every day about the conditions of the mental health observation cell. Although he alleged that he told Traylor that he had no toilet paper and that she replied that this was not her problem, McClure has not pointed to any summary judgment evidence showing that it was Traylor's duty to provide toilet paper. McClure did not rebut Nurse Warren's affidavit that showed that this was not Traylor's duty. McClure's pleadings and the summary judgment evidence show that he asked Officer Kadzielski for toilet paper and was given paper towels instead. Moreover, in his prison grievance, McClure did not allege that Traylor refused his request for toilet paper, but that Kadzielski denied that request, and he did not allege that Traylor ignored his complaints about the conditions of the cell. Even viewing all of the facts in the light most favorable to McClure, the record as a whole would not lead a rational trier of fact to find in his favor on these claims; accordingly, there is no genuine material factual dispute. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

Although McClure alleged that Traylor denied him his inhaler when he was having an asthma attack, there is no evidence in the record that Traylor knew that McClure was suffering such an attack and, nonetheless, ordered that he be denied his doctor-prescribed inhaler. McClure's pleadings and the summary judgment record show, at most, that Traylor ordered that he not be given anything while he was in the mental health observation cell and that another nurse who is not named as a defendant was asked to determine whether McClure should be given his inhaler, and this other nurse determined that he did not need it.

Because McClure failed to show any Eighth Amendment violations by these defendants, he failed to negate their claim of qualified immunity. *See*

No. 11-40272

*Jennings v. Patton*, 644 F.3d 297, 300-01 (5th Cir. 2011).  Thus, the judgment of the district court is AFFIRMED.