# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2012

No. 11-10720
Summary Calendar

Lyle W. Cayce
Clerk

MARY K. EDELMANN,

Petitioner-Appellant

v.

WARDEN JOE KEFFER,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-531

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mary K. Edelmann, federal prisoner # 10316-064, appeals the dismissal of a 28 U.S.C. § 2241 petition alleging that her convictions for mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and money laundering in violation of 18 U.S.C. § 1957 are invalid in light of the Supreme Court's holding in *Skilling v. United States*, 130 S. Ct. 2896, 2907 (2010), that the honest services fraud statute, 18 U.S.C. § 1346, criminalizes only conduct involving bribery and kickback schemes. The district court determined

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10720

that Edelmann's claims failed to satisfy the "savings clause" of 28 U.S.C. § 2255. The Government has moved for summary affirmance or, alternatively, an extension of time to brief the merits. We deny both motions and AFFIRM.

Under § 2241, we review factual findings for clear error and conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). We may affirm the district court's judgment on any basis supported by the record. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *see also Christopher*, 342 F.3d at 381-82. The savings clause is applicable only to a claim that (i) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The petitioner bears the "stringent" burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective and that she is entitled to avail herself of the "limited exception" found in the savings clause. *Christopher*, 342 F.3d at 382.

Edelmann has not made this showing. She has failed to show that the district court erred in holding that *Skilling* is irrelevant because her offenses did not involve honest services fraud, but were instead "classic schemes to steal money." She has also failed to show that the district court erred in denying her request for production of documents. As the record refutes Edelmann's claim that she was convicted on a theory of honest services fraud, *see United States v. Edelmann*, 458 F.3d 791, 797-800, 811-13 (8th Cir. 2006), the denial of her

motion for production of documents was neither arbitrary nor clearly unreasonable. *United States v. MacCollom*, 426 U.S. 317, 324-25 (1976).

*Skilling* does not establish that Edelmann was convicted of nonexistent offenses. Consequently, we need not decide whether it applies retroactively to cases on collateral review or whether Edelmann's purported claim was previously foreclosed by circuit precedent because she cannot meet her burden regardless. *See Christopher*, 342 F.3d at 382; *Reyes-Requena*, 243 F.3d at 904.

AFFIRMED; MOTIONS FOR SUMMARY AFFIRMANCE AND EXTENSION OF TIME DENIED.