# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 5, 2013

Lyle W. Cayce
Clerk

No. 12-51170
Summary Calendar

MARLON E. SMITH,

Plaintiff-Appellant

v.

BEXAR COUNTY SHERIFF'S OFFICE, and Detention Center; JOHN DOE
RODRIGUEZ,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-838

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marlon E. Smith, Texas prisoner # 368765, alleged under 42 U.S.C. § 1983
that, while he was preparing a legal complaint, Deputy John Doe Rodriguez
stood behind him and read its contents. Smith contended that, in doing so,
Rodriguez violated his constitutional rights.

The district court dismissed Smith's complaint as frivolous under 28
U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2), finding, among other things,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that Rodriguez was entitled to qualified immunity. The district court denied Smith's motion to proceed in forma pauperis ("IFP") on appeal.

Smith moves in this court for leave to proceed IFP. By doing so, he is challenging the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. We review a district court's determination that a case is frivolous for abuse of discretion. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Smith's conclusory allegations—that, for example, Rodriguez "should not be granted qualified immunity" because "he acted out of intent with malice"—do not show that Rodriguez violated a clearly established constitutional right. *See Pearson v. Callahan*, 555 U.S. 223, 232-36 (2009). Smith therefore has failed to show that Rodriguez is not entitled to qualified immunity. *See id.*

Accordingly, Smith's appeal lacks arguable merits, and is frivolous. *See Howard*, 707 F.2d at 220. As a result, we deny his motion for leave to proceed IFP on appeal, and dismiss his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). The district court's dismissal of Smith's complaint under § 1915A(b)(1) also counts as a strike. Smith is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.