# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2022

Lyle W. Cayce
Clerk

No. 22-50154
Summary Calendar

Michael Jarrow,

*Plaintiff—Appellant*,

*versus*

Pamela G. Taylor,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-cv-1280

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Michael Jarrow, Texas prisoner # 2181127 and proceeding *in forma pauperis* and *pro se*, appeals the 28 U.S.C. § 1915(e) dismissal, for failure to state a claim upon which relief may be granted, of his complaint under 42

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50154

U.S.C. § 1983.  He claimed Correctional Officer Pamela G. Taylor violated his Eighth Amendment rights by depriving him of a meal.

A prisoner's civil-rights complaint must be dismissed if it "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief".  28 U.S.C. § 1915(e)(2)(B).  Dismissal for failure to state a claim is reviewed *de novo*.  *E.g.*, *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998).  To survive dismissal, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face".  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Jarrow maintains the court erred in concluding the Eleventh Amendment barred his claims for monetary damages against Officer Taylor in her official capacity.  Because Jarrow merely stated he is appealing the issue, without support for his claim, he failed to properly brief the issue; therefore, it is abandoned.  *E.g.*, *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Latigue v. Davis*, No. 18-40702, 2019 WL 11611145, at *1 (5th Cir. 3 May 2019).

Next, the court concluded Jarrow was not entitled to certain damages under 42 U.S.C. § 1997e(e) because he had not alleged physical injury.  Jarrow, for the first time on appeal, alleges he suffered a headache, decreased energy, malnutrition, and hunger from the missed meal.  Because he did not present these allegations in district court, our court does not consider them.  *E.g.*, *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999) ("An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling.").

As the district court concluded in the alternative, even assuming Jarrow alleged a physical injury in district court, he failed to state a facially

plausible claim of an Eighth Amendment violation, considering the minimal amount and duration of deprivation associated with one missed meal. *E.g.*, *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining Eighth Amendment claim requires "conditions so serious as to deprive [the prisoner] of the minimal measure of life's necessities"); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (doubting missing one out of every nine meals in five-month period and losing 15 pounds came close to denying prisoner the minimal civilized measure of life's necessities).

Jarrow additionally contends Officer Taylor failed, in violation of prison policy, to report the missed meal, but that issue is not a facially plausible claim of a constitutional violation. *E.g.*, *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (reiterating prison official's failure to follow prison policy does not constitute due-process violation if constitutional minima are met).

As stated by the district court in its order of dismissal, its dismissal of Jarrow's complaint counts as a strike under 28 U.S.C. § 1915(g). *E.g.*, *Coleman v. Tollefson*, 575 U.S. 532, 537–41 (2015). Jarrow is WARNED that, if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.