IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11009
Conference Calendar
_____

ALLEN GLENN THOMAS,

                                        Plaintiff-Appellant,

versus

CHERI R. PERRY, Correctional Officer III; RICHARD A. AVANTS,
Captain; MARIO V. SANCHEZ, Sergeant; ROBERT KELLEHER, Grievance
Investigator; EMILY L. BOND, Assistant Warden; JOE D. TRUMBO,
Sergeant,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-31
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Allen Glenn Thomas (TDCJ # 633145) appeals the dismissal as frivolous of his pro se and in forma pauperis (IFP) civil rights complaint wherein he alleged that several of the defendants had conspired to retaliate against him for filing grievances, and had violated his right to due process in connection with a disciplinary action.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court shall dismiss a prisoner's IFP civil rights complaint if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted. Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998); see 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), § 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). We review the dismissal of a prisoner's complaint as frivolous for an abuse of discretion. Berry, 192 F.3d at 507.

Thomas argues that the district court impermissibly dismissed his complaint based on credibility determinations and that the court should have required the defendants to answer the complaint in order to resolve factual disputes. The record does not, however, support Thomas's assertion that the dismissal of his complaint was based on credibility determinations. Nor does the record support his assertion that the district court resolved factual disputes against him.

Thomas also argues that the district court abused its discretion by failing to view his complaint as asserting a denial of due process based on a violation of the TDCJ policy prohibiting the filing of disciplinary actions based on a retaliatory motive. To state a claim of retaliation, Thomas must show, inter alia, that the complained of incident would not have occurred absent the retaliatory motive. See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997). Thomas fails to do so in this case. Thomas's assertion that he was not allowed to confront and cross-examine adverse witnesses at the disciplinary

hearing, and his assertion that the disciplinary captain excluded evidence fail because Thomas has not shown that his disciplinary conviction has been overturned or otherwise declared invalid. See Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc)(citing Edwards v. Balisok, 520 U.S. 641, 646 (1997)). The judgment of the district court is AFFIRMED. All outstanding motions are DENIED.