IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60787
Conference Calendar

_____

ALFRED HUGHERY,

Plaintiff-Appellant,

versus

PANOLA COUNTY SHERIFF'S DEPARTMENT; DAVID BRIANT, Sheriff;
"UNKNOWN" WEE, Nurse for Panola County Sheriff's Department,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:01-CV-53-P-B
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Alfred Hughery, Mississippi prisoner # 49240, appeals the

district court's dismissal as frivolous of his pro se and in

forma pauperis (IFP) civil rights complaint against Panola County

Sheriff David Briant, the Panola County Sheriff's Office, and

Nurse Wee of the Sheriff's Office.  After a hearing pursuant to

Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), the district

court determined that the Sheriff was not personally involved in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

any of the alleged civil rights violations and that Hughery's claim against Nurse Wee was one of negligence not actionable in a 42 U.S.C. § 1983 proceeding.

A prisoner's IFP civil rights complaint shall be dismissed if the district court determines that the action is frivolous or fails to state a claim upon which relief may be granted. Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998); see 28 U.S.C. § 1915(e)(2). A claim is frivolous if it lacks an arguable basis in law or fact. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). We review the dismissal of a prisoner's complaint as frivolous for an abuse of discretion. Id.

Hughery argues that Sheriff Briant had a responsibility to see that he had medical treatment while he was housed in Briant's facility. Supervisory liability may exist without "overt personal participation" in the offensive act; however, in order for his claim to be successful, Hughery must have shown that Sheriff Briant implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). Hughery makes no allegation of such a policy, nor do his allegations reflect that such a policy was responsible for the alleged constitutional deprivation committed by Nurse Wee.

Hughery also argues that Nurse Wee acted negligently in administering a tuberculosis "shot." Although inadequate medical

treatment may, at a certain point, reach the level of a constitutional violation, negligence or medical malpractice does not. Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Hughery has not demonstrated that the district court abused its discretion by dismissing his complaint. See Berry, 192 F.3d at 507. Accordingly, the judgment of the district court is AFFIRMED.

The district court's dismissal of the complaint as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Hughery is WARNED that if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Id.

AFFIRMED; SANCTION WARNING ISSUED.