United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30845
Conference Calendar

NORRIS NASH,

Plaintiff-Appellant,

versus

TIM WILKINSON; ANGIE MARTIN; NICOLE SCOTT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:02-CV-2235-FAL
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Norris Nash, Louisiana state prisoner # 97970, appeals the

district court's dismissal as frivolous of his 42 U.S.C. § 1983

complaint. Nash argues that he had a liberty interest in a

fair disciplinary hearing, including the right to an

investigation and to call witnesses at his hearing. He argues

that he did not receive the due process to which he was entitled.

As a result of the disciplinary action, Nash received a

new job assignment and was precluded from requesting a new job or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a transfer to a different institution for 90 days.  He also lost a family visit.  Nash had no liberty interest in his work assignment, family visits, or his housing assignment and, thus, cannot complain about any lack of procedural due process in connection with the loss of those privileges.  See Sandin v. Conner, 515 U.S. 472, 484 (1995); Meachum v. Fano, 427 U.S. 215, 225 (1976); Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989).

Even assuming that Nash had a protected liberty interest implicating due process concerns, his claims are barred because they implicate the validity of Nash's disciplinary proceedings, and he has not shown that his finding of guilt has been overturned or set aside.  See Edwards v. Balisok, 520 U.S. 641, 648 (1997).  The district court did not abuse its discretion in dismissing the complaint as frivolous.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Nash's appeal is without arguable merit and, thus, is DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The district court's dismissal of Nash's complaint as frivolous and the dismissal of the instant appeal as frivolous count as strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Nash previously filed in the district court in the Western District of Louisiana a 42 U.S.C. § 1983 action which was dismissed as frivolous.  See Nash v. Frank, No. 6:97-CV-01898

(W.D. La. March 9, 1998).  Thus, Nash has accumulated three strikes under 28 U.S.C. § 1915(g) and is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.