United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40371
Summary Calendar

DANIEL RAYHAAN ALI,

                                        Plaintiff-Appellant,

versus

DOUG DRETKE; ARTHUR VELASQUEZ;
RORY KNOTT; WILLIAM DUGGER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-CV-298
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Daniel Rayhaan Ali, Texas prisoner # 1077766, appeals the
district court's dismissal as frivolous of his in forma pauperis
42 U.S.C. § 1983 complaint.  Ali asserts that he was improperly
convicted of a disciplinary charge for refusing to shave his
beard, in light of a medical pass and his sincerely held
religious beliefs.  He maintains that the disciplinary conviction
violated the First Amendment and various federal and state
statutes.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Ali's challenge calls into question the validity of his disciplinary conviction, and because Ali lost good-time credits as a result of that conviction, his challenges are barred because he has not shown that the disciplinary conviction has been overturned.  See Edwards v. Balisok, 520 U.S. 641, 648-49 (1997); cf. Muhammad v. Close, 540 U.S. 749, 751-55 (2004).  To the extent that the loss of privileges does not call into question the duration of Ali's confinement, he cannot establish that he is entitled to relief on the merits of his allegations. See Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Ali has not established that the district court abused its discretion by dismissing his civil rights action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).  As a result, the judgment of the district court is affirmed.

The district court's dismissal of Ali's complaint as frivolous counts as one strike under  § 1915(g).  Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Ali is cautioned that if he accumulates three strikes, he may no longer proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.