United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10547
Conference Calendar

_____

MOHAMMED HAMID DEHGHANI,

                                        Plaintiff-Appellant,

versus

RICHARD D. VOGELGESANG, Warden; MICHAEL SAVERS, Assistant Warden;
WILLIAM CULLUM, Captain; JASON COOK, Lieutenant; AMY LOWERY,
Counsel Substitute,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-239
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mohammed Hasmid Dehghani, Texas prisoner # 881419, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1). Dehghani alleged violations of his constitutional rights arising out of disciplinary proceedings against him resulting in the loss of 30 days of recreation and 30 days of commissary privileges, restriction to his cell for 30 days, and placement in solitary confinement for one day. It

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appears, although it is unclear, that his visitation rights may have been suspended for 30 days. We review a dismissal of a prisoner complaint as frivolous for abuse of discretion, <u>see</u> <u>Berry v. Brady</u>, 192 F.3d 504, 507 (5th Cir. 1999), and for failure to state a claim de novo. <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999).

None of the punishments imposed gives rise to a liberty interest protected by due process, as none represents an atypical and significant hardship in relation to the ordinary incidents of prison life. <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 483 (1995); <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997). Dehghani's assertion that Lt. Cook brought a false charge against him likewise fails to state a constitutional claim. <u>See</u> <u>Castellano v. Fragozo</u>, 352 F.3d 939, 945 (5th Cir. 2003)(en banc).

Given the lack of any liberty interest protected by due process, there is no need to address Dehghani's claims that the conduct of the disciplinary hearing violated his right to due process, nor need we address the lack of responsibility of the warden or assistant warden under a respondeat superior theory. With respect to Dehghani's separate claims that the warden and assistant warden failed adequately to investigate his grievance, the district court correctly determined that such allegations do not give rise to a constitutional claim. <u>See</u> <u>Geiger v. Jowers</u>, 404 F.3d 371, 373-374 (5th Cir. 2005).

As this appeal lacks any arguable merit, we dismiss it as frivolous.  See 5TH CIR. R. 42.2; Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  The dismissal by the district court of Dehghani's suit and the dismissal of this appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g).  See Adepegba, 103 F.3d at 387-88.  In addition, Dehghani has accumulated two strikes in Dehghani v. Vogelgesang, Case No. 06-10539, decided on this same date.  As Dehghani has now accumulated at least three strikes, he is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.