# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-30462
Summary Calendar

ANTHONY LEON GREENHILL

                Plaintiff-Appellant

v.

UNITED STATES OF AMERICA, on behalf of Federal Bureau of Prisons;
MARK EDENFIELD; JENNA EPPLIN; FEDERAL BUREAU OF PRISONS;
CORRECTIONAL OFFICER HUNT; D LAIR; CORRECTIONAL LIEUTENANT
MELTON

                Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-473

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Anthony Leon Greenhill, federal prisoner # 56411-097, appeals the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) of a complaint seeking damages under the Federal Tort Claims Act (FTCA) and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). As the initial notice of appeal filed by Greenhill was untimely, we remanded to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court, which reopened the case and held that Greenhill's notice of appeal should be deemed timely. Greenhill now requests that we take judicial notice of an appellate brief that he submitted to this court prior to the district court's determination that the appeal was timely. We construe Greenhill's request as a motion to file a supplemental brief and grant the motion.

Greenhill's complaint alleged that he was denied a transfer to a different prison due to a mistake in calculating his custodial status; that, in retaliation for Greenhill's in forma pauperis filing of a habeas corpus petition, defendant Hunt stole postage stamps from Greenhill's locker; and that the theft of the stamps deprived Greenhill of access to the courts. Greenhill sought monetary damages for the stolen stamps under the FTCA.

The district court held that the complaint was frivolous and that it failed to state a claim for relief. The court concluded that Greenhill had no constitutional right to be transferred to another prison; that, assuming Greenhill could prove the conclusory allegation that his stamps were stolen, he had alleged no facts from which retaliation could be inferred; that Greenhill's claim that he was denied access to the courts failed because he did not allege that he was prejudiced by the alleged theft of the stamps; and that his claim for damages under the FTCA was frivolous. We note that Greenhill has abandoned any appellate challenge to the dismissal of his FTCA claims by failing to address the issue in his appellate brief. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review the district court's determination that the complaint was frivolous for abuse of discretion and review de novo the determination that the complaint failed to state a claim. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). A complaint is frivolous if it lacks an arguable basis in fact or law.'" Id. (quoting Talib v. Gilley, 138 F.3d 211, 213 (5th Cir.1998)). A complaint fails to state a claim when it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Greenhill attempts to refute the determination that he did not allege facts supporting his claims of retaliation and denial of access to the courts by requesting to incorporate the arguments raised in his district court pleadings. This he may not do. Yohey, 985 F.2d at 224-25. Greenhill argues on appeal that retaliation may be inferred from the fact that Officer Hunt did not search a locker belonging to Greenhill's cellmate. Assuming that this allegation is correct, it is insufficient to support a inference of retaliation. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). We agree with the district court's evaluation of the claims raised in Greenhill's complaint. See Berry, 192 F.3d at 507.

In his appellate brief, Greenhill argues for the first time that he is entitled to relief based on an allegedly retaliatory termination of his prison employment. He asserts that he made a factual error when he stated in his district court pleadings that he did not seek relief on this basis. We decline to consider this factual argument. See Greenberg v. Crossroads Sys., Inc., 364 F.3d 657, 669 (5th Cir. 2004).

Accordingly, we affirm the district court's dismissal of the complaint. Berry, 192 F.3d at 507. The district court's dismissal of Greenhill's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Greenhill is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; AFFIRMED; SANCTION WARNING ISSUED.