**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-30722
Conference Calendar

ANTHONY LEON GREENHILL

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA, on behalf of Federal Bureau of Investigation;
MARK EDENFIELD; JENNA EPPLIN; FEDERAL BUREAU OF PRISONS;
CORRECTIONAL OFFICER HUNT; D LAIR; CORRECTIONAL LIEUTENANT
MELTON

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-473

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Anthony Leon Greenhill, federal prisoner # 56411-097, appeals the district
court's denial of his Federal Rule of Civil Procedure 60(b) motion to reopen a
complaint seeking damages under the Federal Tort Claims Act and *Bivens v. Six
Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).
We previously affirmed the district court's dismissal of the complaint as frivolous
and for failure to state a claim for relief. *Greenhill v. United States*, 275 F. App'x

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

315, 317 (5th Cir. 2008). Greenhill has moved to proceed in forma pauperis (IFP) on appeal, challenging the district court's certification, pursuant to *Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997), that his appeal from the denial of Rule 60(b) relief is not taken in good faith.

Greenhill's argument that the denial of his motion was an abuse of discretion under *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), is frivolous. The decision not to hold a *Spears*[1] hearing to allow Greenhill to amend his complaint to add claims against new defendants was within the discretion of the district court. *See Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 770 (5th Cir. 1995). Accordingly, the district court's certification that Greenhill's appeal is not taken in good faith is upheld, and Greenhill's motion for IFP is denied. Because this appeal is frivolous, *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), it is dismissed. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Greenhill that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).