# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2011

Lyle W. Cayce
Clerk

No. 11-30172
Summary Calendar

MERVIN SPENCER,

Plaintiff - Appellant

v.

ST. JOHN THE BAPTIST PARISH; WAYNE L. JONES; UNIDENTIFIED PARTIES; DALE PICKETT; WALTER CHAPELLE; ROBERT BECNEL; BARRY LANDRY; RICHARD B. STRICKS; EDWIN D. HAWKINS; J. STERLING SNOWDY,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-2831

Before GARZA, SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mervin Spencer, federal prisoner # 28914-034, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's dismissal of his complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985. In his complaint, Spencer argued that Louisiana state officials violated his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional rights when they did not return his personal property or provide him just compensation for his personal property.

The district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). If a prisoner opts to challenge the district court's certification decision, the prisoner may file a motion in the court of appeals for leave to proceed IFP, which "must be directed solely to the trial court's reasons for the certification decision." *See Baugh*, 117 F.3d at 202. This court, however, may dismiss the appeal as frivolous when it is apparent that an appeal would be meritless. *Id.* at 202 n.24; 5TH CIR. R. 42.2.

The district court adopted the findings and conclusions of the magistrate judge and dismissed Spencer's complaint as frivolous. Thus, we review the dismissal for abuse of discretion. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Spencer's complaint was dismissed after a determination that his claims were prescribed. Spencer fails to address or challenge the reasoning for dismissing his complaint – his claims were time barred. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to brief an argument challenging the basis of the district court's dismissal of his complaint, Spencer has waived any such challenge on appeal. *See id.*; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (stating that failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment). Moreover, Spencer has not demonstrated that the district court's dismissal of his complaint as frivolous was an abuse of discretion.

No. 11-30172

Spencer is cautioned that the dismissal of his suit by the district court and the dismissal of his appeal count as strikes pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). He is further cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.