# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 26, 2012

Lyle W. Cayce
Clerk

No. 12-30697
Summary Calendar

JAMONTE DAVIS,

Plaintiff-Appellant

v.

BURL CAIN; MIKE JANNADY; CATHY FONTENOT; TRISH FOSTER; M. PIAZZA; D. CAVALIER; S. SCALES; BARTON TRENT; UNKNOWN BUTLER; RUSTY BORDELEON; JOE JONES; UNKNOWN SMITH,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-789

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jamonte Davis, Louisiana prisoner # 420744, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's dismissal of his complaint filed pursuant to 42 U.S.C. § 1983.  In his complaint, Davis argued that prison officials violated his constitutional rights when they falsely convicted him on a disciplinary charge, placed him in Camp J at the Louisiana

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

State Penitentiary, and delayed in investigating his case and responding to his complaints.

The district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). If a prisoner opts to challenge the district court's certification decision, the prisoner may file a motion in the court of appeals for leave to proceed IFP, which "must be directed solely to the trial court's reasons for the certification decision." *See Baugh*, 117 F.3d at 202. The district court adopted the findings and conclusions of the magistrate judge and dismissed Davis's complaint as frivolous. Thus, we review the dismissal for an abuse of discretion. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Davis's complaint was dismissed after a determination that his claims were legally frivolous. Davis fails to address or challenge the reasons given by the magistrate judge and the district court for dismissing his complaint. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to brief an argument challenging the basis of the district court's dismissal of his complaint, Davis has waived any such challenge on appeal. *See Yohey*, 985 F.2d at 224-25; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, he has not demonstrated that the district court's dismissal of his complaint as frivolous was an abuse of discretion, and his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

Davis is cautioned that the dismissal of his suit by the district court and the dismissal of this appeal count as strikes pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). He is further cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.