# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 3, 2013

No. 12-20563

Lyle W. Cayce
Clerk

LAMAR BURKS,

Plaintiff-Appellant

v.

Judge DENISE COLLINS; PATRICIA R. LYKOS, Harris County District Attorney; GREG ABBOTT, Texas Attorney General,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2152

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lamar Burks, Texas prisoner # 1011723, seeks permission to proceed in forma pauperis (IFP) on appeal of a judgment dismissing his 42 U.S.C. § 1983 action as frivolous. The district court certified, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), that the appeal was not taken in good faith.

By moving this court for leave to proceed IFP, Burks is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1997). To proceed IFP, a litigant must be economically eligible, and the appeal must be taken in good faith. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Burks argues that the district court's decision was contrary to the holding in *Skinner v. Switzer*, 131 S. Ct. 1289 (2011), because he did not seek to invalidate his state conviction or obtain immediate release from prison. Rather, Burks contends that he challenged the constitutionality of two state laws, namely Texas Rule of Civil Procedure 18b and Texas Disciplinary Rule of Professional Conduct 8.04, as construed by the Texas Court of Criminal Appeals and an intermediate appellate court when the courts denied his writs of mandamus. Neither court, however, relied on these rules in denying Burks's writs. Accordingly, even if the *Skinner* case applied, it would be frivolous for Burks to raise this argument on appeal. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Liberally construed, Burks's brief also includes an argument that Collins violated his procedural due process rights in her construction of Rule 18b when she refused to recuse herself from participating in his state habeas proceeding after becoming the subject of an investigation he initiated and, additionally, that Lykos and Abbott violated his constitutional rights in their construction of Rule 8.04 by failing to report Collins when she persisted in presiding over the proceeding. However, even if *Skinner,* 131 S. Ct. at 1297-99, applied to these arguments, Burks has failed to present a nonfrivolous appellate issue for the following reasons. *See Howard*, 707 F.2d at 220.

Specifically, Burks sought two types of relief under § 1983. First, he asked the district court to order the state courts to conduct a habeas hearing before an impartial judge. Second, he sought a federal court declaration and permanent injunction to remove Judge Collins from his state case.

As to his first request for relief, "federal courts have no authority to order state courts to hold hearings in habeas matters." *O'Bryan v. Estelle*, 714 F.2d 365, 408 (5th Cir. 1983). As to his second request, there is no ongoing criminal or civil case over which Collins is presiding; therefore, Burks's request to remove her from his state case is moot. *See Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir.), *cert. denied*, 133 S. Ct. 32 (2012); *Harris v. City of Houston*, 151 F.3d 186, 191 & n.5 (5th Cir. 1998). Moreover, Burks has not presented any challenge to the district court's finding that his request for relief was moot. Accordingly, he has not raised a nonfrivolous appellate issue as to that finding. *See Howard*, 707 F.2d at 220; *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

In light of the foregoing, we dismiss Burks's appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The district court's dismissal of Burks's § 1983 action and our dismissal of his appeal count as two strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Burks has previously accumulated two strikes. *See Burks v. Adams*, No. 3:12-cv-00178 (S.D. Tex. Aug. 15, 2012); *Burks v. Adams*, No. 12-40947 (5th Cir. Jan. 18, 2013); *Burks v. Delarosa*, No. 4:10-cv-02117 (S.D. Tex. June 18, 2010); *Burks v. Delarosa*, No. 10-20444 (5th Cir. Oct. 20, 2010). He is thus BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is "under imminent danger of serious physical injury." *See* § 1915(g).

We caution Burks that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. To avoid such sanctions, Burks should review his pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED; IFP MOTION DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.