# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2013

Lyle W. Cayce
Clerk

No. 12-20118
Summary Calendar

KENNETH JUSTICE,

Plaintiff-Appellant

v.

LOREN JACKSON, District Clerk of Harris County, Texas,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-3661

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Kenneth Justice, Texas prisoner # 1337192, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's dismissal of his complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Justice argued that the District Clerk of Harris County, Texas, violated his rights to investigate and develop his habeas claims, to access the courts, and to petition for a redress of grievances when the Clerk denied Justice's request for copies of court records pertaining to two of Justice's criminal convictions. He further alleged a denial of due process, and he sought a declaration that § 552.028 of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas Government Code (the statute cited by the Clerk for denying Justice's request), as applied, was unconstitutional.

The district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). If a prisoner opts to challenge the district court's certification decision, the prisoner may file a motion in the court of appeals for leave to proceed IFP, which "must be directed solely to the trial court's reasons for the certification decision." *See Baugh*, 117 F.3d at 202.

Justice's complaint was dismissed because his claims were legally frivolous, but he fails to address or challenge the reasons given by the district court for dismissing his complaint. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to brief an argument challenging the basis of the district court's dismissal of his complaint, Justice has waived any such challenge on appeal. *See id.*; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, he has not demonstrated that the district court's dismissal of his complaint as frivolous was an abuse of discretion. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). His motion is therefore DENIED, and his appeal is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2.

We WARN Justice that the dismissal of his suit by the district court and the dismissal of this appeal count as strikes pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). We further warn him that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).