# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

No. 12-20724
Summary Calendar

Lyle W. Cayce
Clerk

RODNEY DALE HOOD,

Plaintiff-Appellant

v.

ROBERT M. SANDMANN; Practice Manager MARK ROBERTS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1112

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Rodney Dale Hood, Texas prisoner # 1659266, proceeding pro se and in forma pauperis (IFP), appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. Hood alleged in his complaint, and contends on appeal, that prison officials violated the Eighth Amendment by acting with deliberate indifference to his medical needs when they denied him doctor-prescribed Phenobarbital and entered false information in his medical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

chart regarding his allergies to drugs. The district court dismissed Hood's complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We review such a dismissal for abuse of discretion. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Pursuant to the Eighth Amendment's prohibition of cruel and unusual punishment, prisoners are entitled to receive "adequate medical care." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). To meet the "extremely high standard" of deliberate indifference, Hood had to establish that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted).

Hood's contention that the district court erred by dismissing his claims without allowing him to conduct discovery is unavailing because § 1915(e)(2) permits a district court to dismiss a prisoner's IFP action "at any time." § 1915(e)(2). Also, Hood's allegations and the documents that he submitted in response to the district court's questionnaire indicate that prison officials addressed Hood's concerns on numerous occasions, yet Hood constantly disagreed with and questioned prison officials regarding the appropriate treatment. Although Phenobarbital was ordered by medical personnel, that medication was, at one time, on Hood's allergen list because of his potential allergy to another medication that contained Phenobarbital. Neither was Phenobarbital approved by the prison's regional pharmacy, which considered it to be a controlled substance that could not be used in the prison setting. The prison medical staff attempted to find another option to treat Hood, yet he refused to take other prescribed medication, even after being advised that he

could remain in the prison medical facility for monitoring of potential allergic reactions to drugs.

In sum, prison medical staff continually attempted to address Hood's medical issues, yet Hood constantly disagreed with prison staff. Such disagreement with medical professionals does not establish an Eighth Amendment claim. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The record also supports the district court's determination that Hood did not suffer substantial harm as a result of not receiving Phenobarbital. As Hood failed to allege facts that established a claim of deliberate indifference, the district court did not abuse its discretion by dismissing Hood's complaint as frivolous. *See Domino*, 239 F.3d at 756; *Berry*, 192 F.3d at 507.

The judgment of the district court is AFFIRMED. Our affirmance and the district court's dismissal are counted as one strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Hood is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).