# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60195

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2014

Lyle W. Cayce
Clerk

STANLEY KELVIN COLEMAN,

Plaintiff-Appellant

v.

DEBRA PLATT; DAVID PETRIE; RON KING; BYRON BRELAND,
Correctional Officer,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 2:11-CV-233

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Stanley Kelvin Coleman, Mississippi prisoner # 32612, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. Coleman alleged that Debra Platt, David Petrie, and Ron King, employees of the Mississippi Department of Corrections, violated his constitutional rights in connection with a prison disciplinary proceeding. He also asserted that Byron Breland, a correctional officer at the South

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60195

Mississippi Correction Institution, deprived him of food on May 1, 2011, by locking the gate to the dining hall when Coleman and other inmates were not proceeding there in an orderly fashion.  After Coleman and other inmates yelled in protest and threatened to report Breland, Breland issued Coleman disciplinary violations for inciting a riot and yelling abusive or threatening language.  Coleman claimed that the disciplinary charges were false and issued only in retaliation for Coleman's threats to report Breland.

The district court concluded that Coleman failed to allege and prove an Eighth Amendment violation or a due process violation.  Coleman's request for IFP status was denied, and the district court certified that an appeal would not be taken in good faith.  By moving to proceed IFP on appeal, Coleman challenges the district court's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Coleman argues that the district court erred in granting summary judgment in favor of the defendants.  He contends that in granting summary judgment, the district court impermissibly made credibility determinations regarding his retaliation claim.  Coleman reurges his claims that he was deprived of food by Officer Breland in violation of the Eighth Amendment, that Breland retaliated against him by initiating disciplinary proceedings, and that he was denied his due process rights and other constitutional rights during the disciplinary proceedings.

Because Coleman's alleged that he missed only one meal, his claim does not rise to the level of a cognizable constitutional injury.  *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999).  His assertion that the prison had an unwritten policy of denying food as punishment is conclusory and without any factual support.

No. 13-60195

Contrary to Coleman's assertions, the district court did not impermissibly make a credibility determination in dismissing this claim. The district court found that Coleman failed to allege facts showing a retaliatory motive. His allegations of retaliation are conclusory and fail to allege or show that but for the alleged retaliatory motive, he would not have been issued a disciplinary violation; thus, he failed to allege a claim of retaliation. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Regarding his disciplinary conviction, Coleman argues that he was denied the right to present witnesses, he was denied the assistance of counsel, the evidence was insufficient, he was arbitrarily removed from the general prison population, and he was denied a meaningful appeal. None of these claims present a cognizable constitutional claim. *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

In somewhat conclusory fashion, Coleman asserts that the district court abused its discretion in denying his request for discovery. Coleman cannot establish prejudice resulting from the denial of discovery. As discussed above, none of his claims established the violation of a constitutional right. Therefore, discovery would not have resulted in a different outcome.

Coleman makes general assertions that the district court abused its discretion when it denied a motion to join a defendant with a new allegation regarding deprivation of food, the court erred in failing to address the issue of immunity, the court erred in dismissing his complaint with prejudice, and the court abused its discretion in denying his motion for the appointment of counsel. Because Coleman does not adequately brief the aforementioned issues, they are abandoned. *See United States v. Ballard*, 779 F.2d 287, 295 (5th Cir. 1986).

No. 13-60195

This appeal fails to set forth any issue of arguable legal merit and is, therefore, frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Coleman's motion to proceed IFP is denied, and we dismiss his appeal as frivolous. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal counts as one strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Coleman has two previous strikes. *Coleman v. Hardy*, No. 3:03-CV-15 (S.D. Miss. Mar. 7, 2003); *Coleman v. Singleton*, No. 2:05-CV-121 (S.D. Miss. Oct. 20, 2005). Coleman has now accumulated three strikes; therefore, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.