# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 15-30908

_____

United States Court of Appeals
Fif h Circuit

**FILED**
January 27, 2017

Lyle W. Cayce
Clerk

ANDREW DIXON,

       Plaintiff–Appellant,

versus

DARREL VANNOY, Warden,
  Louisiana State Penitentiary; James M. LeBlanc,

       Defendants–Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-451

_____

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

      Andrew Dixon, Louisiana prisoner # 514514, moves for leave to proceed _in forma pauperis_ ("IFP") to appeal the dismissal of his 42 U.S.C. § 1983

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint.  He claims that the defendants interfered with his constitutional right to marry and violated his rights to equal protection and due process when they refused to add his fiancee, a former nurse at the Louisiana State Penitentiary, to his list of approved visitors.

By moving to proceed IFP, Dixon challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

The prison policy prohibiting ex-employees from visiting offenders who are not immediate family members is based on legitimate penological objectives and is a permissible exercise of the discretion afforded prison officials.  *See Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999); *Lynott v. Henderson*, 610 F.2d 340, 342–43 (5th Cir. 1980).  In light of the circumstances of Dixon's fiancee's resignation and the warden's determination that she poses a risk to institutional safety and security, the application of the policy did not violate Dixon's constitutional rights.  *See Berry*, 192 F.3d at 508.

Dixon's theory that, in light of the prison's marriage requirements, the defendants have effectively prevented him from marrying his fiancee is speculative at best.  Neither Dixon nor his fiancee has submitted to the warden a formal request to marry.  Accordingly, Dixon's averment that the defendants interfered with his right to marry is premature.  *See United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003).

Dixon has not identified any nonfrivolous issue for appeal.  *See Howard*, 707 F.2d at 220.  The motion to proceed IFP is DENIED, and the appeal is

No. 15-30908

DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761–64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Dixon is CAUTIONED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).