# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11049
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2017

Lyle W. Cayce
Clerk

JAMES DANIEL HARRIS,

Plaintiff-Appellant

v.

DAVID DUKE, Wichita County Sheriff; WICHITA COUNTY SHERIFF OFFICE; WICHITA COUNTY, TEXAS; KEVIN CALLAHAN, Chief Deputy; DEREK MEADOR; DONNY JOHNS; DEPUTY BECCERRA; DEPUTY MCMURTURY; DEPUTY HILL; DEPUTY LOWERY; DEPUTY ZENON; DEPUTY PIKE; DEPUTY BONNIN; NURSE LISA; NURSE DAVID; X-RAY TECHNICIAN SANDY; DOCTOR DUHAM; CORRECTIONAL HEALTHCARE COMPANIES; HEALTH PROFESSIONAL, INCORPORATED; DEPUTY JOHN DOE #1; DEPUTY JOHN DOE #2; DEPUTY JOHN DOE #3,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:12-CV-127

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11049

James Daniel Harris, Texas prisoner # 1716217, proceeding pro se and in forma pauperis (IFP), appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint.  Harris alleged in his complaint that prison officials violated the Eighth Amendment by acting with deliberate indifference (i) to his safety and security when they failed to protect him from being attacked by another inmate and (ii) to his medical needs when they failed to provide him with the medical care he believed necessary for his leg, which was broken during the attack, and delayed his medical treatment.  The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Such a dismissal is reviewed for an abuse of discretion.  *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Harris has failed to establish that the district court's dismissal of his failure-to-protect claims was an abuse of discretion.  *See Berry*, 192 F.3d at 507.  The facts alleged by Harris do not show that any of the defendants were aware of and disregarded an excessive risk to Harris's safety by failing to transfer him away from the inmate who ultimately attacked him, particularly where Harris alleged no prior threats of physical violence or prior physical altercations.  *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Longoria v. Texas,* 473 F.3d 586, 592 (5th Cir. 2006).  The facts alleged by Harris also do not show that any the defendants were present when the attack was initiated.  Rather, Harris alleges that one of the defendants, after witnessing the attack on "close circuit television," diffused the attack by approaching the inmates, stopping the attack by causing the attacking inmate to flee, and ordering a lockdown.  Accordingly, Harris's complaint does not establish a claim for deliberate indifference.

Moreover, Harris has failed to establish that the district court's dismissal of his denial-of-care claims was an abuse of discretion.  *See Berry*,

No. 15-11049

192 F.3d at 507.  While Harris's allegations may show delay, malpractice, or a disagreement over treatment, they do not rise to the "extremely high standard" of deliberate indifference.  *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Because Harris's constitutional or federal law claims were dismissed as frivolous, and he is not entitled to civil rights or federal relief, the district court erred in dismissing his federal claims without prejudice.  *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997).

Accordingly, we MODIFY the judgment of dismissal to reflect that Harris's constitutional or federal law claims are DISMISSED WITH PREJUDICE and AFFIRM AS MODIFIED.  This court's affirmance and the district court's dismissal are counted as one strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Harris is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury.  *See* § 1915(g).  Finally, Harris's motion for leave to file a supplemental brief is DENIED.