# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2022

Lyle W. Cayce
Clerk

No. 20-40153
Summary Calendar

———————

RICARDO ROQUE,

*Plaintiff—Appellant*,

*versus*

PAUL SHRODE; JACINTA ASSAVA; PAM PACE; BOBBY BURNS;
WANDA OLIVER; BRANDON FEAKER; NANCY EDENS; L.
GARNER; D. RODEN; R. COX; NERVE BLOCK TECHNICIAN; FNU
FOREMAN; FNU CATOE; OFFICE OF THE ATTORNEY GENERAL
OF TEXAS,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-345

———————

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

———————

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40153

Ricardo Roque, Texas prisoner # 1124628, appeals the dismissal of his civil rights action asserting that defendants were deliberately indifferent to his medical needs in violation of his Eight Amendment rights and that they retaliated against him.  Roque also raised claims related to disciplinary cases that were filed against him and grievances that were not resolved to his satisfaction.  Roque's motion for leave to file a supplemental reply brief is GRANTED.

The district court dismissed Roque's complaint as frivolous under 28 U.S.C. § 1915A.  We review that dismissal for an abuse of discretion.  *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).  Even if the district court erred to the extent that it considered the substantive evidence in the *Martinez*[1] report to resolve disputed issues of fact when dismissing under § 1915A, any such error was harmless as we conclude that even accepting Roque's allegations as true, the district court properly dismissed his complaint as frivolous.  *See Berry*, 192 F.3d at 507 (stating that this court may affirm the district court's dismissal on any basis supported by the record).

Regarding Roque's deliberate indifference claims, the allegations in his complaint are best described as a disagreement with the medical treatment he received or, at most, allegations that the defendants were negligent or committed malpractice.  Such conduct does not establish a constitutional violation.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  Thus, because these claims lack an arguable basis in law, they are frivolous.  *See Brady*, 192 F.3d at 507.

Roque makes no argument challenging the district court's determination that his retaliation claims and claims related to his disciplinary cases and grievances were frivolous.  Accordingly, he has abandoned any

---

[1] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir.1978).

such challenges. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Finally, Roque has not shown that the district court erred by denying his request for an evidentiary hearing or for the appointment of counsel. *See Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

Accordingly, the district court's judgment is AFFIRMED. His motions for leave to file a motion for injunctive relief, for leave to file an emergency motion, and for the appointment of counsel are DENIED.

The district court's dismissal of Roque's complaint as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015). Roque is WARNED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).