# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60544
Summary Calendar

————————

Charles Smith, Jr.,

*Plaintiff—Appellant*,

*versus*

Lieutenant Unknown Windham; Officer Unknown
Green,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-613

———————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Charles Smith, Jr., Mississippi prisoner # 91945, appeals the dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim upon which relief may be granted. Smith alleged that defendant Windham violated his Eighth

————————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Amendment rights when she ordered that his food tray be withheld after Smith requested that prison officials cover his tray and use facemasks when handling his food. He also alleges that Windham's actions were retaliatory in nature.

Because the district court dismissed Smith's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), we review that ruling under the same de novo standard that applies to a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998). "We accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). Nonetheless, a complaint will not proceed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Here, Smith argues that the court erred in dismissing his claims because food is one of the basic necessities of life protected by the Eighth Amendment. Smith's allegations that he was denied one meal, however, fail to state a claim of cruel and unusual punishment. *See Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999). Regarding his retaliation claim, Smith's argument is conclusory, and he does not allege facts supporting his claim. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

For the foregoing reasons, the judgment is AFFIRMED.